

EBP/MHF: USAO 2017R00691



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | \* | |
| | \* | **CRIMINAL NO.** |
| **v.** | \* | |
| | \* | **(Conspiracy to Transport Stolen** |
| **CHENGUANG NI,** | \* | **Funds, 18 U.S.C. § 371; Forfeiture,** |
| | \* | **18 U.S.C. § 981(a)(1)(C), 21 U.S.C.** |
| **Defendant** | \* | **§ 853(p), 28 U.S.C. § 2461(c))** |
| | \* | |

\*\*\*\*\*\*\*

## INDICTMENT

### COUNT ONE

The Grand Jury for the District of Maryland charges that:

At all times relevant to this Indictment:

#### Introduction

1.    Defendant **CHENGUANG NI ("NI")** was a resident of New York.

2.    **Ming Zhang ("Zhang")** was a resident of Alexandria, Virginia, and employed at

Casino 1 as a dealer.

3.    Casino 1 was a casino located in Maryland.  Casino 1 had a gaming floor that had

various table games, including Baccarat.

4.    Baccarat is a card game in which players compare the value of two hands of cards

– a "player" hand and a "dealer" hand.  Each card has a point value and, before any cards are

dealt, bettors place bets on which hand will be closest to nine.  A "dealer," typically a casino

employee, then distributes the cards between the player and dealer hands according to fixed

rules.  If a bettor knows the order in which cards appear in the deck, the bettor can predict the

outcome of any given baccarat hand with near-perfect accuracy and place bets accordingly.

## The Conspiracy

5.      Between no later than in or around July 2017 and in or around September 2017, in the District of Maryland and elsewhere, the defendant,

### CHENGUANG NI,

did knowingly conspire, confederate, and agree with **Zhang** and other persons, known and unknown to the United States Attorney, to commit an offense against the United States, that is, to transport in interstate commerce any money, of the value of $5,000 or more, knowing the same to have been stolen, converted, and taken by fraud, in violation of 18 U.S.C. § 2314.

## Purpose of the Conspiracy

6.      It was a purpose of the conspiracy that **NI** and **Zhang** would enrich themselves personally.

## Manner and Means of the Conspiracy

7.      The conspiracy was carried out through the following manner and means, among others:

a.      It was part of the conspiracy that **Zhang** notified **NI** when **Zhang** was scheduled to work as a baccarat dealer at Casino 1.

b.      It was further part of the conspiracy that, when **NI** arrived at the baccarat table at which **Zhang** was dealing, **Zhang** exposed a portion of the baccarat deck to **NI**.

c.      It was further part of the conspiracy that **NI** took a picture of the deck before the cards were placed back into the shoe.

d.      It was further part of the conspiracy that **NI** would play baccarat after photographing the unshuffled cards.

2

e.       It was further part of the conspiracy that **NI** paid **Zhang** money in exchange for **Zhang**'s participation in the scheme and agreed to pay **Zhang** additional proceeds from the profits of the scheme.

f.       It was further part of the conspiracy that **NI** transported the proceeds from this offense outside of the State of Maryland.

**Overt Acts**

8.       In furtherance of the conspiracy and to achieve its purposes, **NI**, **Zhang**, and others known and unknown to the grand jury committed and caused to be committed the following overt acts, among others, in the District of Maryland and elsewhere:

a.       On or about September 27, 2017, in Maryland, **Zhang** called **NI** to inform **NI** that **Zhang** would be dealing baccarat at Casino 1 that evening.

b.       On or about September 27, 2017, while dealing baccarat at Casino 1, **Zhang** exposed the deck of cards to **NI**, thereby allowing **NI** to record the exposed cards.

c.       On or about September 27, 2017, after exposing the cards to **NI**, **Zhang** then failed to shuffle that portion of the deck, placing the cards into play in the same order as they were exposed to **NI**.

d.       On or about September 27, 2017, **NI** and other conspirators placed large bets when the unshuffled portion of the deck came into play.

e.       On or about September 27, 2017, **NI** transported the scheme proceeds outside of the State of Maryland.

18 U.S.C. § 371

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1.      Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the defendant's conviction on Count One of this Indictment.

2.      As a result of the offense set forth in Count One, the defendant,

### CHENGUANG NI,

shall forfeit to the United States any property, real and personal, which constitutes or is derived from proceeds traceable to such violation.

3.      If, as a result of any act or omission of the defendant, any of the property described above as being subject to forfeiture:

   a.      cannot be located upon the exercise of due diligence;

   b.      has been transferred or sold to, or deposited with, a third party;

   c.      has been placed beyond the jurisdiction of the court;

   d.      has been substantially diminished in value; or

   e.      has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States of America, pursuant to 21 U.S.C. § 853(p), to seek forfeiture

of any other property of said defendant up to the value of the forfeitable property.


18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

Robert K. Hur
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Date: 9/17/18

Foreperson